**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DAVID MARZINI**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID MARZINI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1102-PC-64 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause Nos. 20C01-0505-FA-85, 20C01-1004-PC-9

**March 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

David Marzini, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief. Marzini raises three issues which we revise and restate as:

I.      Whether the court erred in finding that Marzini's plea of guilty was knowingly and voluntarily entered;

II.     Whether the court erred in denying Marzini's request for a change of judge; and

III.    Whether the court abused its discretion in denying Marzini's request to issue a subpoena.

We affirm.

The relevant facts of Marzini's offense were set forth in this court's opinion on direct appeal of his sentence.

Marzini lived at 51905 Downey Street, Elkhart, Indiana. On May 9, 2005, the Elkhart County drug task force obtained a search warrant for Marzini's residence. Informants advised police that Marzini owned a Rottweiler dog and several firearms. Upon execution of the search warrant, the police found numerous weapons in the home, including but not limited to, firearms and ammunition, a Taser, a hunting knife, and a throwing star. The police also found a large quantity of cash, and ingredients and evidence of manufacturing methamphetamine.

Marzini v. State, No. 20A04-0602-CR-91, slip op. at 1 (Ind. Ct. App. Feb. 13, 2007), trans. denied.

In May 2005, the State charged Marzini with possession of methamphetamine weighing three grams or more, with intent to deliver, as a class A felony. On November 7, 2005, Marzini pled guilty as charged. Id. On December 21, 2005, the court sentenced Marzini to forty years with eight years suspended. Id. Judge Terry Shewmaker presided over Marzini's trial and sentencing hearing. Marzini appealed his sentence, and this court affirmed. Id. at 2.

2

On April 5, 2010, Marzini filed a verified petition for post-conviction relief together with a memorandum of law alleging that his guilty plea was not knowingly and voluntarily made. Judge Shewmaker was the presiding judge in the post-conviction proceedings. Also on April 5, 2010, Marzini filed a request for change of judge together with an affidavit. On April 6, 2010, the court denied Marzini's request for change of judge.

On May 10, 2010, Marzini filed a request for issuance of subpoenas and an affidavit which requested the court to issue subpoenas for several witnesses, including Judge Shewmaker, in the evidentiary hearing. The court denied Marzini's request with respect to Judge Shewmaker.

On June 25, 2010, Marzini filed a request to amend his petition for post-conviction relief to address whether the State failed to abide by the terms of the plea agreement. On July 14, the State filed an answer to Marzini's request to amend his petition.

On July 22, 2010, the court held an evidentiary hearing on Marzini's petition for post-conviction relief. On January 21, 2011, the court issued an order including findings of fact and conclusions of law denying Marzini's petition.[1] Additional facts will be provided as necessary.

Before discussing Marzini's allegations of error, we note that although Marzini is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App.

---

[1] In its January 21, 2011 order, the court indicated that Marzini's June 25, 2010 request to amend his petition for post-conviction relief was granted.

3

2004), trans. denied. We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. Further, the post-conviction court in this case entered findings of fact and conclusions thereon. Id. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Id. In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

## I.

The first issue is whether the post-conviction court erred in finding that Marzini's plea of guilty was knowingly and voluntarily entered. In his petition for post-conviction relief, Marzini argued that his "guilty plea was accepted in violation of I.C. 35-35-3-3"[2]

---

[2] Ind. Code § 35-35-3-3 provides in part:

    (a)    No plea agreement may be made by the prosecuting attorney to a court on a felony charge except:

        (1)    in writing; and

4

and that he "relied upon the State's promise of sentencing which was never (1) Filed with the court, and (2) Never entered before [he] entered his plea of guilty." Appellant's Supplemental Appendix at 93. Marzini argued that "[t]he failure of the trial court to advise [him] that the State had filed no written recommendation as required by statute made the defendant's plea of guilty involuntary." Id. Marzini also argued that the State failed to abide by the original terms of the plea agreement.

The court's January 21, 2011 order denying Marzini's petition for post-conviction relief included the following findings and conclusions:

11.  In the instant case, [Marzini] contends that his conviction should be set aside because his plea of guilty was not made knowingly and voluntarily because the agreement between himself and the State regarding sentencing was not reduced to writing and filed with the trial court. Further, [Marzini] contends that the court erred in failing to advise him that no written plea had been filed, and that the State failed to abide by the terms of its promise that it would recommend that the sentence imposed would not exceed thirty-five (35) years.

12.  In support of his argument, [Marzini] offered the testimony of his trial attorney, Robert W. Miller. Attorney Miller testified that there was no written plea agreement; however, [he] confirmed that the State orally agreed that if [Marzini] entered a plea of guilty, the State

---

(2)      before the defendant enters a plea of guilty.

The plea agreement shall be shown as filed, and if its contents indicate that the prosecuting attorney anticipates that the defendant intends to enter a plea of guilty to a felony charge, the court shall order the presentence report required by IC 35-38-1-8 and may hear evidence on the plea agreement.

* * * * *

(c)      A plea agreement in a misdemeanor case may be submitted orally to the court.

* * * * *

(e)      If the court accepts a plea agreement, it shall be bound by its terms.

5

would recommend no more than a thirty-five (35) year sentence. Attorney Miller testified that he advised [Marzini] accordingly. Attorney Miller testified that he also explained to [Marzini] that a recommendation by the State in no way secured a sentence, and that the sentence was ultimately left to the judge who could impose the full range of sentence for an A Felony.

13. The record herein establishes that the court expressly told [Marzini] that its understanding of the agreement was that the full range of penalty would be available to the court upon sentencing. When asked if that was also his understanding, [Marzini] responded, "yes, sir." (*Transcript, p 33, ll 8-17*). The court also specifically advised [Marzini] that there was no plea agreement, and proceeded to inquire if it was his intention to enter a plea of guilty rather than have his jury trial. [Marzini] responded, "Yes." (*Transcript, p 36, ll 6-12*). The court inquired of [Marzini] as to whether he understood the charge against him, fully advised [Marzini] of all his constitutional rights and the impact of pleading guilty, and explained the full range of penalty for the offense committed. Moreover, when asked by the court if his plea of guilty was his own free and voluntary act, [Marzini] responded, "Yes." (*Transcript, p 43, ll 6-8*). Additionally, two letters [Marzini] wrote and sent to the court were admitted into evidence. Those letters reflect [Marzini's] understanding that he admitted pleading guilty and that he understood and accepted his sentence, which clearly contradicts [Marzini's] testimony in this proceeding that he did not understand his plea.

14. There is ample evidence to show that [Marzini] and his attorney discussed the nature of the agreement reached with the State, and that it was [Marzini's] intention to plead guilty. [Marzini] received a forty (40) year sentence, with eight (8) years suspended, for a total of thirty-two (32) years executed. [Marzini] raised the reasonableness of his sentence on direct appeal and the sentence was affirmed. The State did not argue for an executed sentence greater than thirty-five (35) years, nor did the court impose an executed sentence greater than thirty-five (35) years.

15. [Marzini] has failed to meet the burden of proving by a preponderance of the evidence that the absence of a written plea agreement was fatal to or in any way rendered his plea unknowing or involuntary. Moreover, [Marzini] has not demonstrated that the State of Indiana or the court failed to abide by the terms of the

6

agreement herein. Accordingly, [Marzini] is not entitled to the relief sought.

Appellant's Appendix at 3-5.

Marzini essentially argues on appeal that the fact that the prosecutor did not file a written plea agreement as required by Ind. Code § 35-35-3-3 constitutes grounds for vacating his plea of guilty. Marzini further argues that the State agreed to recommend a sentence of no more than thirty-five years and to not "rant and rave" at the time of sentencing and that the State failed to abide by the terms of the plea agreement because it recommended that he be sentenced to thirty-five years executed and the prosecutor made comments in addition to its sentence recommendation which "was all overkill and consisted of ranting at the sentencing hearing." Appellant's Brief at 14.

However, the record shows that, at the post-conviction hearing, the court noted that it had stated at Marzini's guilty plea hearing that "[i]t's also my understanding that the full range of penalty will be available to the Court, however, there will be a sentencing hearing in this case yet to be scheduled," that "[t]he sentencing hearing will be an opportunity for both sides to present evidence," and "[i]s that your understanding," and that Marzini answered "yes, sir." Post-Conviction Hearing Transcript at 12. The court also indicated that it had asked "[i]s there any other term relating to this plea agreement," and Marzini stated "no." Id. Marzini indicated that his trial counsel stated "[t]here are no other promises other than the State will make a recommendation at the time of sentencing." Id.

In addition, Marzini's trial counsel testified that the deputy prosecutor had offered to "recommend to the Judge that [Marzini] receive no more than 35 years" if Marzini

7

were to enter a plea of guilty. Id. at 18. Marzini's counsel further testified that he had explained to Marzini the prosecutor's offer, "what a recommendation meant," that "the Judge still had the power to give [him] the full range of possible penalties as permitted by law," and that "in [his] experience the Judge put great weight on the recommendations of the prosecuting attorney." Id. Further, at sentencing, the prosecutor recommended that Marzini receive "35 years executed." Appellant's Supplemental Appendix at 63 (citing the Sentencing Transcript). The court ultimately sentenced Marzini to forty years with eight years suspended.

We conclude that Marzini failed to demonstrate that he suffered any harm or prejudice as a result of any failure of the prosecutor to file a written plea agreement with the court prior to Marzini's guilty plea hearing or that any such failure rendered his plea of guilty unknowingly or involuntarily entered. See Davis v. State, 418 N.E.2d 256, 260 (Ind. Ct. App. 1981) (concluding "that it was not reversible error for the court to accept Davis's plea of guilty absent a written recommendation having been filed by the state" and that "Davis has alleged no harm to himself as a result of the court not requiring the agreement to be reduced to writing"). Further, as set forth in the court's January 21, 2011 order, the record amply demonstrates the voluntary nature of Marzini's plea. In addition, our review of the record does not indicate that the State failed to comply with or fulfill its promises regarding a sentencing recommendation as described by Marzini's counsel at the post-conviction hearing. Based upon the record, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Accordingly, we find no reversible error.

The next issue is whether the court erred in denying Marzini's request for a change of judge. Marzini argues that the court erroneously denied his request for a change of judge.

Post-Conviction Rule 1(4)(b) provides that a petitioner's motion for change of judge "shall be granted if the historical facts recited in the affidavit [filed in support of the motion] support a rational inference of bias or prejudice." See Pruitt v. State, 903 N.E.2d 899, 938-939 (Ind. 2009), reh'g denied.

> This rule requires the judge to examine the affidavit, treat the historical facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice. A change of judge is neither automatic nor discretionary, but calls for a legal determination by the trial court. It is presumed that the PC court is not biased against a party and disqualification is not required under the rule unless the judge holds a *personal* bias or prejudice. Typically, a bias is personal if it stems from an extrajudicial source—meaning a source separate from the evidence and argument presented at the proceedings.

Id. at 939 (internal quotation marks, brackets, and citations omitted).

Here, on April 5, 2010, Marzini filed a request for change of judge together with an affidavit which stated that Judge Shewmaker "has a personal bias and/or prejudice" against him. Appellant's Supplemental Appendix at 119. Marzini's affidavit further stated that Marzini "alleges in his post-conviction petition that Judge Shewmaker failed to enforce the statutory requirements of the plea bargaining process;" that Marzini "believes the Judge was instrumental in depriving him of his right to due process of law;" that Judge Shewmaker "is likely to be called by [Marzini] as a witness at the

9

evidentiary hearing;" that Marzini "believes that Judge Shewmaker conspired [with the] State to deprive him of his right to due process of law;" and that Marzini "believes that Judge Shewmaker has personal knowledge concerning disputed evidentiary facts regarding these post-conviction allegations and proceedings, namely, that [Marzini's] plea of guilty was not knowingly and voluntarily entered." Id.

On April 6, 2010, the court issued an order denying Marzini's request for change of judge which provided in part:

> In reviewing [Marzini's] Request for Change of Judge, the Court notes [Marzini] alleges in his Affidavit that the presiding judge in this action should have intervened in the plea bargaining process and the Court notes it is not a part of the plea bargaining process. The Court also notes that it was not involved in any way, shape or form in the plea bargaining process and did no acts that would deprive [Marzini] of his right to due process of law. The Court further notes that [Marzini] was in fact represented by counsel of his choosing at the time of entry of his plea and at the time of his sentencing. The Court further notes that the presiding judge has no personal knowledge concerning disputed evidentiary facts as alleged by [Marzini]. The Court now denies [Marzini's] Request for Change of Judge as stated herein for the following reasons:
>
> 1.  The presiding judge has no bias, prejudice or feelings one way or the other as to [Marzini].
>
> 2.  The Court speaks through its record and has no personal knowledge concerning the facts of this case other than the facts stated in open court by [Marzini], [Marzini's] counsel or counsel for the State[.] [T]he Court notes such statements are not within the presiding judge's personal knowledge other than by a review of the record.
>
> 3.  The Court further notes it is not a material witness in this matter, has no bias or prejudice against [Marzini].
>
> For all these reasons [Marzini's] Request for Change of Judge is denied.

Id. at 120-121.

In his affidavit in support of his motion, Marzini did not set forth specific facts which demonstrated that Judge Shewmaker had personal knowledge of any disputed facts regarding the post-conviction proceedings or Marzini's case or that Judge Shewmaker was prejudiced against Marzini. Based upon the record, we cannot say that the court erred in denying Marzini's motion for change of judge. See Pruitt, 903 N.E.2d at 939 (noting, where Pruitt's post-conviction review judge was the same judge who presided over his trial, that "Pruitt's affidavit in support of his motion for change of judge shows no historical facts that demonstrate personal bias or prejudice on the part of [the trial judge]" and that he "merely cites [the judge's] trial rulings against him, which are not indicia of personal bias" and concluding "that Pruitt was provided with a full and fair PCR hearing before an impartial judge").

## III.

The next issue is whether the court abused its discretion in denying Marzini's request to issue a subpoena. Marzini argues that the court erroneously denied his request for an issuance of a subpoena for Judge Shewmaker. The court has discretion to determine whether to grant or deny the petitioner's request for a subpoena. Johnson v. State, 832 N.E.2d 985, 994 (Ind. Ct. App. 2005), trans. denied. An abuse of discretion has occurred if the court's decision is against the logic and effect of the facts and circumstances before the court. Id. Ind. Post-Conviction Rule 1, § 9(b) provides in pertinent part:

> If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be

relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

On May 10, 2010, Marzini filed a request for issuance of subpoenas and an affidavit. Marzini stated that "each requested witness' testimony is relevant and probative of the issues that will be raised at the evidentiary hearing in this cause" and that "[s]ubpoenas are requested for the following material witnesses: . . . Honorable Terry C. Shewmaker." Appellant's Supplemental Appendix at 127. The court denied Marzini's request with respect to Judge Shewmaker. Specifically, the May 10, 2010 entry in the chronological case summary provides in part: "Court denies [Marzini's] Request for Subpoena for the presiding judge, the Court noting that the presiding judge speaks through its entry and record and cannot be called as a witness or disqualified from presiding as a result of being called as a witness." Id. at 10. We observe that the post-conviction court, presided over by Judge Shewmaker, could refer to the record and the CCS. Based upon the record, we cannot say under the circumstances that Marzini has demonstrated that the court abused its discretion in denying his request to issue the subpoena he requested.

For the foregoing reasons, we affirm the denial of Marzini's petition for post-conviction relief.

Affirmed.

MAY, J., and CRONE, J., concur.

12